UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EHTISHAM AKHTAR,

                              Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden,
Otay Mesa Detention Center, et al.,

                              Respondents.

Case No.:  3:26-cv-00982-RBM-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Ehtisham Akhtar's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is a citizen of Pakistan who entered the United States with his wife without inspection on September 16, 2025. (Doc. 4 at 2 (citing Doc. 4-1 at 3–4).)  Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i), placed in expedited removal proceedings under U.S.C. § 1225(b), and taken into Immigration and Customs Enforcement ("ICE") custody. (*Id.*)  After Petitioner was interviewed by an asylum officer and received a positive credible fear determination, he was issued a Notice to Appear, which initiated full removal proceedings against him under § 1229a. (*Id.*)  Petitioner has

1

filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (Doc. 7 ¶ 5.) Petitioner's removal proceedings remain pending, and his individual merits hearing is scheduled for May 19, 2026. (Doc. 1 at 6.)

Petitioner, initially proceeding *pro se*, filed his Petition on February 13, 2026. (Doc. 1.) On February 20, 2026, the Court set a briefing schedule. (Doc. 2.) On February 27, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response"). (Doc. 4.) On March 24, Petitioner's counsel entered a Notice of Appearance and filed a Motion for Leave to file Traverse Out of Time. (Docs. 5–6.) The Court granted the motion and indicated that it would "consider Petitioner's Traverse (Doc. 7) in ruling on the Petition." (Doc. 8.)

## II.   **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   **DISCUSSION**

It is undisputed that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*See generally* Docs. 1, 7; Doc. 4 at 5.) Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1225(b) violates Petitioner's due process rights.[1] Petitioner argues that his

---

[1] Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g). (Doc. 4 at 3–4.) The Court has consistently rejected this argument,

detention has become unconstitutionally prolonged.  (Doc. 1 at 2; Doc. 7 at 8–15.) Respondents argue that Petitioner's "detention is mandated by 8 U.S.C. § 1225(b) until the conclusion of his removal proceedings," and that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails."  (Doc. 4 at 1–2, 8–10.)

The Court finds that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process, and that Petitioner's detention has become unreasonably prolonged.

**A.     Due Process**

Respondents argue that "inadmissible arriving noncitizens seeking initial entry into the United States . . . have no due process rights 'other than those afforded by statute.'" (Doc. 4 at 7 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).) The Court recently explained its rationale for rejecting Respondents' argument.  *See Xie v. LaRose*, Case No.: 3:26-cv-01116-RBM-MMP, 2026 WL 836351, at *2–3 (S.D. Cal. Mar. 26, 2026).  The Court incorporates its reasoning in *Xie,* makes the same findings here, and "joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."  *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

**B.     Prolonged Detention**

The Court applies a six-factor balancing test to analyze whether detention under § 1225(b) has become unreasonably prolonged.  *See id.* at 773.  Under this test, the Court considers:

---

*see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons.  Petitioner is challenging his detention under the Fifth Amendment's Due Process Clause.  (*See* Doc. 1 at 2; Doc. 7 at 8–15.)  He is thus enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order."  *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

(1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

As to the first factor, which has been described as "the most important," *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained for nearly seven months. (*See* Doc. 4 at 2.) Respondents argue that "the length of Petitioner's detention fall[s] comparatively short of the length courts in this district have found to warrant habeas relief." (*Id.* at 9.) As another court in this District noted, though, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases); *see also Khalid v. LaRose*, Case No.: 26-CV-1462 JLS (MSB), 2026 WL 776842, at *2 (S.D. Cal. Mar. 19, 2026) (granting petition filed by Petitioner's wife, reasoning that her detention since September 16, 2025 weighed in favor of a finding of unreasonably prolonged detention). The length of detention thus weighs in Petitioner's favor.

As to the second factor, the Court finds that Petitioner has reason to anticipate significant future detention. Petitioner's merits hearing is not for another month and a half and, even if the immigration judge orders his removal, a lengthy appeals process likely awaits. (*See* Doc. 1-2 at 1.) The "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao*, 805 F. Supp. 3d at 1111; *accord Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *5 (S.D. Cal. Jan. 5, 2026) ("a removal order may not become final until after the appeals [the petitioner] could file, to both the Board of Immigration Appeals and Ninth Circuit"); *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal . . . [is a] perfectly legitimate proceeding[] he is legally entitled to pursue," and the respondents "cannot predict with any degree of confidence

4

when the BIA appeal will be resolved," which "could lead to further proceedings that might take up many more months, or even years.").

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner is detained at Otay Mesa Detention Center, the conditions of which other courts have found "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted). The conditions of confinement weigh in Petitioner's favor.

The fourth, fifth, and sixth factors are neutral, as there is nothing in the record to suggest that either Party caused delay in the removal proceedings and Petitioner's applications for asylum, withholding of removal, and CAT relief are all still pending. (Doc. 7 ¶ 5.)

Three of the factors, including "the most important one," weigh in Petitioner's favor, and none weigh against him. Therefore, the Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and that due process requires that he be provided with a bond hearing.

## IV.   **CONCLUSION**

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight. If no hearing

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted

occurs **within fourteen (14) days** of entry of this Order, Petitioner shall be released from Respondents' custody. On or before **April 28, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

   **IT IS SO ORDERED.**

DATE: April 2, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").